# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANNE MULHALL, a U.S. Citizen,<br><br>  87 Willow Road<br>  Charlestown, RI 02813<br><br>and<br><br>ALEXANDER CAMERON, her spouse,<br>A# 205 853 663<br><br>  Roxborough Barn, Forest Green,<br>  Dorking, surrey, RH5 5RY, United<br>  Kingdom<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Serve:  Office of the General Counsel<br>        Department of Homeland Security<br>        Mail Stop 3650<br>        Washington, D.C. 20528<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Serve:  U.S. Citizenship & Immigration<br>        Services<br>        425 I. Street, N.W., Room 6100<br>        Washington, D.C. 20536<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>Serve:  Executive Office<br>        Office of the Legal Adviser<br>        Suite 5.600<br>        600 19th St. NW<br>        Washington, DC 20522 | Case No. 1:18-cv-2598 |

EMBASSY OF THE UNITED STATES, LONDON, UNITED KINGDOM

Serve:  Executive Office
       Office of the Legal Adviser
       Suite 5.600
       600 19th St. NW
       Washington, DC 20522

KIRSTJEN NIELSEN, Secretary of the Department of Homeland Security,

Serve:  Office of the General Counsel
       Department of Homeland Security
       Mail Stop 3650
       Washington, D.C. 20528

L. FRANCIS CISSNA, Director of the United States Citizenship and Immigration Services,

Serve:  U.S. Citizenship & Immigration
       Services
       425 I. Street, N.W., Room 6100
       Washington, D.C. 20536

MICHAEL POMPEO, United States Secretary of State,

Serve:  Executive Office
       Office of the Legal Adviser
       Suite 5.600
       600 19th St. NW
       Washington, DC 20522

and;

ROBERT WOOD JOHNSON, United States Ambassador, London, United Kingdom,

Serve:  Executive Office
       Office of the Legal Adviser
       Suite 5.600
       600 19th St. NW
       Washington, DC 20522

Defendants.

### COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFFS' IMMIGRANT VISA APPLICATIONS

COME NOW Plaintiffs Anne Mulhall, and her spouse Alexander Cameron to respectfully request a hearing before this Honorable Court to make a determination on Plaintiffs' immigrant visa application, or alternatively requesting that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiffs' long-delayed motion to reconsider and immigrant visa application.

### PARTIES

1. Plaintiff Anne Mulhall ("Mulhall") is a citizen of the United States.

2. Plaintiff Alexander Cameron ("Cameron") is a citizen of the United Kingdom.

3. Under federal immigration law, a U.S. citizen is eligible to file an immigrant visa petition for their immediate relatives, including their spouses.

4. Cameron is an immediate relative immigrant visa applicant through his United States Citizen spouse, Mulhall.

5. Mulhall filed an immigrant visa petition for her spouse with the USCIS on **December 23, 2013**.

6. The USCIS approved that petition on **June 4, 2014** and allegedly forwarded the approved petition to the National Visa Center (hereinafter sometimes referred to as the "NVC"), a division of the DOS, for additional processing.

7. Cameron filed Form DS-260, Application for Immigrant Visa and Alien Registration

on **September 20, 2014**.

8.  Cameron was found inadmissible to the United States pursuant to Immigration and Nationality Act ("INA" or "Act") section 212(a)(2)(A)(i)(I) by the Defendants at the United States Embassy in London, the United Kingdom.

9.  On **October 28, 2015**, Mulhall and Cameron filed Form I-601, Application for Waiver of Ground of Inadmissibility, with the Defendants. Between legal and filing fees, Mulhall and Cameron spent over $7,000 on the waiver application.

10. On **July 11, 2016**, the Defendants issued a Request for Evidence ("RFE"), requesting sufficient evidence that Respondent's Form I-601 warrants a favorable exercise of discretion, with the favorable factors outweighing the unfavorable factors. Mulhall and Cameron spent approximately $5,000 on the RFE response.

11. On **January 19, 2017**, USCIS denied Cameron's I-601 waiver application.

12. On **February 21, 2017**, Cameron filed a timely Motion to Reconsider the denial of the I-601 waiver with Defendant USCIS.

13. The Motion to Reconsider listed a staggering number of serious procedural flaws, including accusing Cameron of crimes committed before he was born; travel to the US he had never undertaken; readily apparent misinterpretation of basic criminal law; and, most seriously, ignoring any and all evidence of rehabilitation and hardship Plaintiffs supplied at great expense. As detailed in the appeal, Plaintiffs are not only entitled to review on the factual and procedure elements of their case, but have also clearly overcome the evidential burden to demonstrate Cameron deserves the award of favorable discretion, only to have such evidence wholly ignored by USCIS.

14. USCIS refuses to adjudicate that motion to reconsider. Mulhall and Cameron spent

$17,000 in legal fees on the Motion to Reconsider.

15. Despite conceding to Plaintiffs in writing their failure to follow the statutory waiver procedure, and their mistakes made therein, moreover even acting in May 2017 to issue a full refund of associated fees as compensation, the Defendants have continued to violate their own rules and regulations regarding processing times and the adjudications of motions to reconsider.

16. Plaintiffs have made repeated efforts to obtain a final decision on the Motion to Reconsider but to no avail. Defendants refuse to adjudicate the waiver request and the immigrant visa.

17. Plaintiffs paid, and Defendants accepted, all applicable filing and visa fees. Moreover, Plaintiffs have followed all applicable rules and regulations in good faith throughout the five year period that their applications have been pending.

18. The Defendants have refused to issue an immigrant visa to Cameron.

19. Defendant Department of Homeland Security (hereinafter sometimes referred to as "the DHS") is the agency of the United States that is responsible for implementing the petition for alien relative provisions of the law and assisting the DOS with background and security checks.

20. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing petitions filed on behalf of alien relatives seeking to file immigrant visa applications as well as motions to reconsider earlier decisions.

21. Defendant Department of State (hereinafter sometimes referred to as "the DOS") is the agency of the United States that is responsible for communicating with the DHS and managing Defendant Embassy of the United States in London, United Kingdom, and which is responsible for implementing the immigrant visa provisions of the law.

22. Defendant Embassy of the United States in London, United Kingdom (hereinafter sometimes referred to as "the United Kingdom Embassy") is a component of the DOS that is responsible for processing immigrant visa applications and implementing the immigrant visa provisions of the law.

23. Defendant Kirstjen Nielsen, the Secretary of the DHS, is the highest ranking official within the DHS. Nielsen, by and through her agency for the DHS, is responsible for the implementation of the Immigration and Nationality Act (hereinafter sometimes referred to as "the INA"), and for ensuring compliance with applicable federal law, including the Administrative Procedures Act (hereinafter sometimes referred to as "the APA"). Nielsen is sued in her official capacity as an agent of the government of the United States.

24. Defendant L. Francis Cissna, Director of the USCIS, is the highest ranking official within the USCIS. Cissna is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Cissna is sued in his official capacity as an agent of the government of the United States.

25. Defendant Michael Pompeo, Secretary of State, is the highest ranking official within the DOS. Pompeo is responsible for the implementation of the INA and for ensuring compliance with applicable federal laws, including the APA. Pompeo is sued in his official capacity as an agent of the government of the United States.

26. Defendant Robert Wood Johnson is the United States Ambassador in London, United Kingdom. Johnson is being sued in his official capacity as an agent of the government of the United States.

## JURISDICTION AND VENUE

27. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

28. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) the Defendants all maintain offices within this district.

29. This Honorable Court is competent to adjudicate this case, notwithstanding the doctrine of consular non-reviewability, *see United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537 (1950), because Defendants have not made any decision in regard to Cameron's visa application.

## FIRST CLAIM FOR RELIEF
### (Agency Action Unlawfully Withheld and Unreasonably Delayed)

For their first claim for relief against all Defendants, Plaintiffs allege and state as follows:

30. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

31. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

32. The APA permits this Honorable Court to "compel agency action unlawfully

withheld or unreasonably delayed." 5 U.S.C. § 706(1).

33. The Plaintiffs have been waiting nearly five years for a final decision on the I-130 immigrant visa petition and nearly two years for a decision on the motion to reconsider.

34. The DOS regularly works with the DHS when carrying out background and security investigations that are delayed by administrative processing.

35. Upon information and belief, Plaintiffs allege that the DOS is and has been complicit in the delay in processing Cameron's visa application.

36. Plaintiffs allege that Cameron's application has been pending beyond a reasonable time period for completing administrative processing of his visa application and his motion to reconsider has taken too long to be decided.

37. The combined delay and failure to act on Cameron's motion to reconsider and immigrant visa application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

38. There are no alternative adequate or reasonable forms of relief available to Plaintiffs.

39. Plaintiffs have exhausted all administrative remedies available to them in pursuit of a resolution of this matter, including repeatedly requesting the processing of their case with the USCIS, the State Department and the National Visa Center.

**SECOND CLAIM FOR RELIEF**
**(Violation of Right to Due Process of Law)**

For their second claim for relief against all Defendants, Plaintiffs allege and state as follows:

40. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

41. The right to fundamental fairness in administrative adjudication is protected by the

Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiffs may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

42. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiffs.

43. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiffs by causing a loss of consortium between them, thereby adding to the extreme hardship they have, and are already experiencing, among other ways.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs Anne Mulhall and Alexander Cameron request the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly adjudicate Alexander's motion to reconsider and immigrant visa application within sixty days;

3. That this Honorable Court take jurisdiction of this matter and adjudicate Alexander's immigrant visa pursuant to this Court's declaratory judgment authority;

4. That this Honorable Court issue a writ of mandamus compelling Defendants to issue an immigrant visa to Cameron;

5. That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiffs the cause and nature of the delay and inform Plaintiffs of any action they may take to accelerate processing of the visa application;

6. Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal

Access to Justice Act, 28 U.S.C. § 2412;

    7.    Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**
this 10th day of November, 2018

*/s/ James O. Hacking, III*
James O. Hacking, III
Hacking Law Practice, LLC
10900 Manchester Rd., Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackinglawpractice.com

**ATTORNEYS FOR PLAINTIFFS**